IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                        Civil Action No. 1:10CV116
                                                     (STAMP)
JOSEPH MARTIN, AVEN KIPP MARTIN,
DISCOVER FINANCIAL SERVICES,
CITY OF CLARKSBURG,
WEST VIRGINIA TAX DEPARTMENT,
WEST VIRGINIA DIVISION OF
UNEMPLOYMENT COMPENSATION,
WEST VIRGINIA INSURANCE COMMISSION
and HUNTINGTON BANK,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I. Procedural History

On July 28, 2010, the United States filed a complaint for federal taxes in this Court. Defendants Joseph Martin and Aven Kipp Martin were personally served with the summons and the complaint. The West Virginia Division of Unemployment Compensation and the West Virginia Insurance Commission both waived service of the summons and the complaint. After this Court granted the plaintiff's motion for alternate process permitting service by publication on defendant Discover Financial Services ("Discover"), the United States caused the notice of service to be published in the Exponent Telegram.

Joseph Martin, Aven Kipp Martin, the West Virginia Division of Unemployment Compensation, the West Virginia Insurance Commission,

and Discover failed to file an answer or responsive pleading as required by Rule 12(a) of the Federal Rules of Civil Procedure. Accordingly, at the United States' request, the Clerk entered the defaults of those defendants. Huntington Bank ("Huntington"), the West Virginia State Tax Department, and the City of Clarksburg filed answers to the complaint. In its answer, Huntington Bank argues that liens alleged by the plaintiff are subordinate to its deeds of trust. Similarly, the West Virginia State Tax Department denies that the plaintiff is entitled to any relief that supersedes its lien positions. The City of Clarksburg also asks that this Court recognize the priority of its tax liens.

On March 21, 2011, the United States filed a motion for default judgment seeking to reduce to judgment the federal employment and unemployment tax assessments made against defendant Joseph Martin for the taxable periods ending between 1998 and 2003, and the federal income tax assessments made against defendants Joseph Martin and Aven Kipp Martin for the tax years of 1996 through 2000. The United States also seeks to foreclose its tax liens against certain real property owned by Joseph and Aven Kipp Martin. None of the defendants filed a response to the motion for default judgment, which is currently pending before this Court.

## II. Facts

The Commissioner of Internal Revenue ("Commissioner") assessed federal employment taxes, interest, and penalties against Joseph Martin for taxable periods ending between 1998 and 2003. According

to the United States, as of February 21, 2011, Joseph Martin owed $72,541.33. The Commissioner also assessed federal income taxes, interest, and penalties against Joseph and Aven Kipp Martin for the tax years between 1996 and 2000. The total amount allegedly owed jointly by Joseph and Aven Kipp Martin as of February 21, 2011 was $617,071.53.

On May 9, 1986, John and Anastasia Davis conveyed to Joseph and Aven Kipp Martin the real property located in Harrison County at 146 Carriage Lane, Bridgeport, West Virginia ("Martin property"). According to the United States, federal tax liens arose pursuant to 27 U.S.C. §§ 6321 and 6322 on the date of the assessments described above and attached to the Martin property. Because valid and subsisting federal tax liens encumber the Martin property, the United States requests that this Court enter judgment against Joseph Martin and Aven Kipp Martin foreclosing those federal tax liens. The United States further requests that judgment be entered against the West Virginia Division of Unemployment Compensation, the West Virginia Insurance Commission and Discover adjudicating that they are precluded from asserting an interest in the Martin property. The lien priorities of the United States and the appearing defendants have not yet been established.

### III. Applicable Law

To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a). Under Rule 55(a), an entry of default is appropriate "[w]hen a party against

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a).  Once default is entered by the clerk, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought.  If the plaintiff's claim is for "a sum certain" or a "sum that can be made certain by computation," the plaintiff may seek entry of default judgment from the Clerk under Rule 55(b)(1). However, in cases in which the plaintiff seeks a form of relief other than liquidated damages, Rule 55(b)(2) requires plaintiff to seek an entry of default judgment from the court.

It is well-established in the United States Court of Appeals for the Fourth Circuit that default judgments are to be granted sparingly.  See, e.g., Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987).  "[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom."  United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).  However, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party."  S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)).

A defaulting party admits the plaintiff's well-pleaded factual allegations in the complaint, in contrast to the allegations regarding damages. Ryan v. Homecomings Fin. Network, 253 F.3d 778,

4

780 (4th Cir. 2001). The party in default, however, is not held to admit conclusions of law. Id.

## IV. Discussion

A. Reducing Federal Tax Assessments to Judgment

As discussed above, Joseph Martin and Aven Kipp Martin were personally served with the summons and the complaint, while the West Virginia Division of Unemployment Compensation and the West Virginia Insurance Commission both waived service. Discover was served by publication. None of these parties, however, pleaded or otherwise asserted a defense. As a result, the government's factual allegations, other than those relating to the amount of damages, are deemed admitted. Fed. R. Civ. P. 8(b)(6). It is within this Court's discretion to grant default judgment when defendants are unresponsive. Lawbaugh, 359 F. Supp. 2d at 421. Thus, if the government has established the defaulting defendants' liability, the Court should grant default judgment.

The government claims that Joseph Martin is indebted to the United States for unpaid federal employment and unemployment taxes, interest, and penalties in the amount of $72,541.33 as of February 21, 2011, plus interest and statutory additions accruing after that date. The government further alleges that Joseph and Aven Kipp Martin are jointly indebted to the United States for unpaid federal income taxes, interest, and penalties for tax years 1996 through 2000 in the amount of $617,071.53 as of February 21, 2011, plus interest and statutory additions accruing after that date. By

supporting its motion for default judgment with Internal Revenue Service ("IRS") account transcripts, the declaration of Kimberly Alvarez, and certificates of assessments for the applicable periods and tax payers, the government has made a prima facie case of tax liability and shifted the burden to the defendants to refute the government's position.[1] See United States v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980). Joseph and Aven Kipp Martin did not produce any evidence, and therefore liability is established for unpaid taxes, as well as related penalties and interest as to Joseph Martin for taxable periods between 1998 and 2003 and as to Joseph and Aven Kipp Martin for the tax years between 1996 and 2000. Accordingly, this Court grants the United States' motion for default judgment as to the federal income tax assessments. Damages should be awarded to the United States, against Joseph Martin in the amount of $72,541.33 and against Joseph and Aven Kipp Martin in the amount of $617,071.53, together with all penalties that have accrued and will continue to accrue according to law.

B. <u>Foreclosing Federal Tax Liens</u>

In addition to its request to reduce to judgment the federal tax assessments, the United States also seeks to foreclose the federal tax liens attached to the Martin property. Further, the government contends that judgment should be entered against the

---

[1] The government also attached to its motion for default judgment the declaration of Katherine M. Walker, which states that Joseph Martin and Aven Kipp Martin are not in the military service of the United States.

West Virginia Division of Unemployment Compensation, the West Virginia Insurance Commission, and Discover adjudicating that they are precluded from asserting an interest in the real property.

Once a lien is established pursuant to 26 U.S.C. § 6321, 26 U.S.C. § 7403 authorizes a sale of the property to satisfy the delinquent taxpayer's debt. Title 26, United States Code, Section 7403 provides, in relevant part:

> [I]n all cases where a claim or interest of the United States therein is established, [the court] may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale, as the Secretary directs.

28 U.S.C. § 7403. In this case, the United States argues that it is entitled to foreclose the federal tax liens, sell the Martin property, and distribute the proceeds in accordance with the rights of the parties. The complaint seeks a court order foreclosing and selling the real property free and clear of any right, title, lien, claim or interest of any of the defendants.

Although the United States seeks default judgment against only the non-appearing defendants, an order foreclosing the federal tax liens requires an adjudication of all liens or interests in the Martin property. Specifically, this Court would have to find that the federal tax liens against Joseph and Aven Kipp Martin have priority over all liens on or other interest in the Martin property. The West Virginia Division of Unemployment Compensation,

7

the West Virginia Insurance Commission, and Discover have failed to file an answer or responsive motion asserting any interest in the Martin property, but Huntington, the West Virginia State Tax Department, and the City of Clarksburg do claim interests in the Martin property. This Court finds that the issue of the priority of interests held in the Martin property must be resolved before the entry of a judgment foreclosing the federal tax liens. The status of this record does not support an order terminating the interests, whatever they may be, of Huntington, the West Virginia State Tax Department, and the City of Clarksburg. An order allowing foreclosure of the tax liens which, by definition, recognizes the termination of the remaining defendants' rights in the Martin property and allows the United States to seek a sale of the property, is not appropriate at this time but may be at a later date, after the positions of the liens on the Martin property have been determined.[2] It seems clear to this Court that the remaining defendants hold competing liens on the Martin property. Accordingly, the United States' request to foreclose the federal tax liens must be denied.

V. Conclusion

For the reasons stated above, the plaintiff's motion for default judgment is GRANTED as to the federal income tax

---

[2] A foreclosure is defined as "[a] legal proceeding to terminate . . . [an] . . . interest in property, instituted . . . either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property." Black's Law Dictionary 674 (9th ed. 2009).

assessments and DENIED as to the United States' request to foreclose the federal tax liens on the Martin property. Specifically, the United States is entitled to a judgment finding that:

(1) The United States is entitled to final judgment against Joseph Martin for employment and unemployment taxes, interest, and penalties for the taxable periods ending between 1998 and 2003 in the amount of $72,541.33 as of February 21, 2011, plus penalties and interest pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621(a)(2) after that date until the full amount is paid;

(2) The United States is entitled to final judgment against Joseph Martin and Aven Kipp Martin for federal income taxes, interest, and penalties for tax years 1996 through 2000 in the amount of $617,071.53 as of February 21, 2011, plus penalties and interest pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621(a)(2) after that date until the full amount is paid;

(3) Judgment is rendered against Discover Financial Services, precluding it from asserting an interest in the real property that is the subject of this civil action;

(4) Judgment is rendered against the West Virginia Division of Unemployment Compensation, precluding it from asserting an interest in the real property that is the subject of this civil action;

(5) Judgment is rendered against the West Virginia Insurance Commission, precluding it from asserting an interest in the real property that is the subject of this civil action.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the defendants and to counsel of record herein.

DATED:   April 18, 2011

>                             /s/ Frederick P. Stamp, Jr.
>                             FREDERICK P. STAMP, JR.
>                             UNITED STATES DISTRICT JUDGE